**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**WATT ELECTRIC COMPANY and its alter ego, Watt Plumbing, Air Conditioning & Electric, Inc., and John O. Watt, Respondents.**

No. 85–1656.

United States Court of Appeals, Tenth Circuit.

Feb. 17, 1987.

Before McKAY and SEYMOUR, Circuit Judges, and SAM, District Judge.*

* The Honorable David Sam, United States District Judge for the District of Utah, sitting by designation.

## ORDER AND JUDGMENT

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

This cause was submitted upon application of the National Labor Relations Board for enforcement of an order of the National Labor Relations Board against respondents, Watt Electric Company and its alter ego, Watt Plumbing, Air Conditioning & Electric, Inc., and John O. Watt, of its supplemental order dated May 9, 1986, in case No. 16–CA–11434.

This court previously entered judgment enforcing the initial decision and order of the NLRB. The initial NLRB order adopted the decision of the administrative law judge (ALJ), in which the ALJ found that respondents had established an alter ego to operate nonunion and had constructively discharged its employees. The NLRB order required respondents to take the action set forth in the ALJ's decision. The ALJ's decision required respondents to make whole certain employees for their losses resulting from the respondents' discrimination against them. The amount required to make these employees whole was not specified in the ALJ's decision.

A dispute thereupon arose over the amount of backpay due the employees. The NLRB's regional director issued, then later amended, a backpay specification and notice of hearing. The respondents filed an answer to the specification on September 10, 1985, whereupon the general counsel moved for summary judgment on the basis that respondents' answer failed to satisfy the specificity requirements of the NLRB's rules and regulations, 29 C.F.R. §§ 102.54(b) and (c). The respondents then filed an amended answer on November 26, 1985.

The NLRB granted the motion for summary judgment. The NLRB held that neither the answer nor the amended answer satisfied §§ 102.54(b) and (c). The NLRB found that the September answer did not "specifically dispute the accuracy of the gross backpay figures contained in the specification or provide any specific alternative formula for computing the amounts of gross backpay due." Rather, "[t]he answer only raise[d] issues which were the subject of the underlying unfair labor practice proceeding and were litigated and expressly determined in that proceeding."

The NLRB found that the November answer raised two new issues. The NLRB also found, however, that respondents did not expressly dispute the general counsel's gross backpay formula or adequately explain their disagreement with the figures. The NLRB therefore deemed every allegation in the amended specification to be admitted as true and granted the general counsel's motion for summary judgment. The NLRB now seeks to enforce this supplemental order.

The respondents argue in this court that the NLRB supplemental order violates their due process rights to notice of the charges and an opportunity to be heard. The respondents argue that their answers raised factual issues concerning the number of hours which would have been worked by the employees, the wages they would have been paid, and the date from which backpay should be measured. These factual issues, according to respondents, preclude summary judgment.

Upon consideration thereof, this court substantially agrees with the reasoning of the supplemental order. It is ordered and adjudged by the court that the supplemental order of the National Labor Relations Board is enforced. The respondents, Watt Electric Company and its alter ego, Watt Plumbing, Air Conditioning & Electric, Inc., and John O. Watt, Tulsa, Oklahoma, its officers, agents, successors and assigns, shall abide by said order.

The mandate shall issue forthwith.